UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY A. CAPPEL,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>STEVE COX, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 18cv1537 H (JMA)<br><br>**ORDER: (1) DENYING MOTION TO APPOINT COUNSEL; and**<br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a motion for appointment of counsel. Normally, only capital prisoners may initiate habeas proceedings by filing a motion for appointment of counsel. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"). Petitioner does not contend she is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents she has submitted which indicates that she is a capital prisoner. Nevertheless, because Petitioner has attached the habeas corpus petition she filed in the California Supreme Court, it appears Petitioner intends to initiate federal habeas corpus proceedings, and thus the Court construes the motion for appointment counsel as a habeas corpus petition pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE

A petitioner must pay a $5.00 filing fee or qualify to proceed in forma pauperis in order to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## MOTION FOR APPOINTMENT OF COUNSEL

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); *George v. Almager*, 674 F. Supp. 2d 1160, 1178 (S.D. Cal. 2009). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728-29. It appears from the documents filed by Petitioner, including the habeas corpus petition she filed in the California Supreme Court that she has sufficiently represented herself to date. She has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. *See*

*LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel, and Petitioner's request for appointment of counsel is therefore **DENIED**.

## FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to appoint counsel and **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than October 1, 2018**: (1) pay the $5.00 filing fee or submit adequate proof of her inability to pay the fee; and (2) file a First Amended Petition that cures the pleading deficiencies set forth above. *The Clerk of Court will mail Petitioner a blank motion to proceed in forma pauperis form and a blank First Amended Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: August 1, 2018

Marilyn L. Huff
United States District Judge